PETER J. CONLON *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

MARCH 25, 1936.

PRESENT: Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J.   This case is before us on plaintiff's exceptions to the introduction of certain evidence and to a decision for the defendant by a justice of the superior court sitting without a jury.

The plaintiff is the beneficiary named in an industrial or weekly premium policy on the life of his wife, Annie M. Conlon, issued by the defendant on October 1, 1930. Although this policy requires no previous medical examination of the insured, it expressly states that the "policy shall not take effect unless upon its date the Insured shall be alive and in sound health." It further provides that the "policy shall be void: (1) if the Insured . . . has had before said date any pulmonary disease . . . unless . . . such previous disease is specifically waived by an endorsement in the spaces for endorsements on Page 4 hereof signed by the Secretary; (2) or if an Industrial or Weekly Premium policy previously issued by the Company on the life of the Insured shall be in force on the date hereof . . . unless this policy bears an endorsement signed by the Secretary authorizing its continuance in addition to such previously issued insurance." Mrs. Conlon held another industrial or weekly premium policy previously issued by the defendant, but the policy in the instant case bore an endorsement authorizing its continuance in addition to the earlier insurance. The defendant disclaims liability in this case on the ground that when this policy was issued Mrs. Conlon was not in sound health but was suffering from a pulmonary disease or tuberculosis.

Mrs. Conlon was admitted to the state sanatorium for consumptives at Wallum Lake on February 9, 1928, with "moderately advanced tuberculosis." Dr. Harry L. Barnes was in charge of the sanatorium at that time. The official records of that institution show that on February 24, 1928, Mrs. Conlon was transferred from Wallum Lake to the Memorial Hospital in Pawtucket for some pelvic trouble and that she remained there until March 19, 1928, when she returned to the sanatorium. She left that institution on May 20, 1928, at which time, according to the records, the disease was "apparently arrested." In the summer of 1931 she went to the tuberculosis clinic of the Memorial Hospital where she again came under the observation of Dr. Barnes,

who wrote her and suggested that she return to the sanatorium. She did so on February 19, 1932, suffering with advanced tuberculosis, from which she died there on February 27, 1932.

The declaration alleges "that all conditions of said policy were complied with by both the insured, Annie M. Conlon, and the plaintiff." The only witnesses at the trial of this case were Mrs. Conlon's husband, the present plaintiff, and Dr. Barnes. The plaintiff's testimony is to the effect that from his observation his wife was in good health on October 1, 1930. Dr. Barnes testified that from an examination of the X ray plates, the facts stated in the records of the sanatorium, and his personal knowledge of the case, it was his opinion that Mrs. Conlon was clearly affected with tuberculosis at that time.

There is some testimony from the plaintiff that before his wife took out this policy she was examined by a doctor whom he knew only as Dr. Merdinyan. The record is silent as to how the plaintiff knew that his wife had consulted Dr. Merdinyan nor does it show by competent testimony at whose request the doctor was consulted, what examination he made and who, if any one, was present at the time.

Counsel for the plaintiff attempted to establish through his client that Mrs. Conlon had gone to Dr. Merdinyan with the knowledge of, if not accompanied by, one Domenick Pannone, a local soliciting agent for the defendant. He stated to the court that the purpose of this line of inquiry was "to show that this plaintiff, and his deceased wife, went a good deal further than required to do, and insisted upon a doctor's examination, so there would be no comeback later." Dr. Merdinyan and Pannone did not testify, nor was their absence accounted for or explained.

The principal question raised by the plaintiff's exceptions concerns the admission in evidence of Dr. Barnes' opinion to the effect that on October 1, 1930, Mrs. Conlon was not in sound health and that she was affected with a pulmonary disease at that time. The plaintiff's contention is that the

doctor's testimony was improperly received by the court and that the real evidence in the case, by which he means his conclusion that his wife was in sound health, shows that on October 1, 1930, the insured had complied with the conditions of the policy and that, therefore, he is entitled to recover. He further contends that the issuance of a second industrial or weekly premium policy to Mrs. Conlon, with the express consent of the company properly endorsed thereon, constituted a waiver of the condition in that second policy that she be in sound health at the time of its delivery to her. We cannot agree with any of these contentions.

The official records of the Wallum Lake Sanatorium, which were kept contemporaneously with the matters therein recorded and in the regular course of business, were admissible in evidence even without the assistance of any statute. *Ribas* v. *Revere Rubber Co.*, 37 R. I. 189. Any doubt as to the admissibility of such records has since been removed by public laws 1928, chapter 1161. Dr. Barnes, now deceased, was fully competent to express a medical opinion from the facts that were properly in evidence, which included the records of the sanatorium and his personal knowledge of Mrs. Conlon's condition as testified to by him. The trial justice did not err in allowing Dr. Barnes to give his opinion of Mrs. Conlon's physical condition on October 1, 1930.

We cannot agree with the plaintiff's contention that his own testimony establishes that his wife was in sound health when the policy was delivered. This testimony at best is nothing more than an inference by an untrained person as to the nonexistence of a disease which at times escapes discovery even by doctors. He can gain no support from his statement that Mrs. Conlon was examined by a physician who was not called as a witness and remains practically unidentified. The evidence clearly establishes that the insured was not in sound health and that she was suffering from a pulmonary disease or tuberculosis when the policy was delivered.

The plaintiff's claim that, by issuing the policy in suit to Mrs. Conlon, when she already held a similar policy, the company waived the condition as to her condition of health in the second policy, is untenable. The two provisions hereinbefore set forth which would avoid the policy are not inconsistent with each other and are intended to serve different purposes in the conduct of the defendant's business. The first is a clearly expressed condition that in certain cases the insurance company assumes no liability if the insured is not in sound health when the policy is delivered, unless the insurance company waives the condition by endorsement on the policy. The policy in this case shows no such endorsement. The second condition in the policy, which is separated from the first by a semicolon, is obviously intended to prevent the issuance of two or more industrial or weekly premium policies on the life of the same person without the consent of the company duly endorsed on the policy. There is such an endorsement in this case. Compliance with one condition demanded by the terms of the contract between the parties is not a waiver of another condition which is unrelated in fact and unconnected in expression with the condition that has been satisfied and fulfilled.

The provision in respect to the "sound health" of the insured when the policy is issued in an industrial or weekly premium life insurance policy of the type before us makes the existence of that fact a condition upon which the validity of the contract is dependent. In such a case the promise of the company is conditional. *Sweeney* v. *Metropolitan Life Ins. Co.*, 19 R. I. 171, 173; *Mohr* v. *Prudential Insurance Co.*, 32 R. I. 177; *Chorney* v. *Metropolitan Life Ins. Co.*, 54 R. I. 261. As we have already stated, the evidence in this case not only fails to prove that on October 1, 1930, Mrs. Conlon was in sound health but it affirmatively establishes that on that day she was the unfortunate victim of tuberculosis. We cannot say that the trial justice committed any error that would justify us in changing his decision.

All of the plaintiff's exceptions are overruled and the case is remitted to the superior court for the entry of judgment for the defendant on the decision.

*Charles F. Risk, George F. Treanor,* for plaintiff.

*George Hurley, Walter V. Moriarty, Walter V. Connly,* for defendant.